**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL L. LEWIS, | ) | |
| | ) | Case No. 1:13CV589 |
| Plaintiff, | ) | |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| CITY OF CLEVELAND, *et. al.*, | ) | **AND ORDER ON MOTION TO** |
| | ) | **DISMISS** |
| Defendants. | ) | |

This matter is before the Court on Defendant City of Cleveland's Motion to Dismiss Plaintiff's First Amended Complaint (ECF #10) under Federal Rule of Civil Procedure 12(b)(6). The City is named in Counts Three, Six, and Seven of the First Amended Complaint. The Motion to Dismiss is fully briefed and is ripe for consideration.   For the reasons stated herein, the City of Cleveland's Motion to Dismiss is GRANTED.

## I.    FACTS

Plaintiff Michael Lewis filed this action in Cuyahoga County Common Pleas Court on January 28, 2013.  Defendant City of Cleveland removed the matter to this Court on March 19, 2013.  On April 24, 2013 Defendant City of Cleveland filed a Motion to Dismiss Plaintiff's Complaint.  On April 30, 2013 Plaintiff filed a Motion to amend his Complaint, which the Court granted on May 14, 2013.  Plaintiff filed his First Amended Complaint on May 15, 2013.

Plaintiff's Complaint encompasses allegations surrounding an event in Plaintiff's apartment building on February 6, 2011.  Plaintiff alleges that, around 3:00 a.m., he attempted to

intervene in an argument between his houseguest, identified as Jacqueline Cook, and a neighbor, identified as Mary Bolton, and Ms. Bolton's son, identified as Andre Mack.  Plaintiff further alleges that, as a result of the early morning incident, police arrived and arrested Plaintiff, resulting in a brief detention to City jail as well as an eventual misdemeanor charge.  Plaintiff's "STATEMENT OF FACTS" does not identify any specific improper policy or training on behalf of the City of Cleveland that played a role in these events.

Counts Three, Six (the original count Five), and Seven of the First Amended Complaint are alleged against The City of Cleveland.  They assert theories of liability against the City under 42 U.S.C. § 1983.

Count Three is a supervisory liability claim in which Plaintiff makes only the most general allegations about the actions of Sergeant Gamble, who as of May 28, 2013 had not been served in this matter.  Count Three ends with a conclusory statement that, because Defendant Gamble's alleged actions were in the scope of his employment, the City of Cleveland "unlawfully harmed [Plaintiff]", and therefore is liable.

Count Six of the Complaint alleges Municipal Liability for Failure to Train.  However, the Complaint again fails to address any specific policy or training of the City of Cleveland.  The Complaint only makes general allegations of "failure to train" – that "policies, customs, and practices of the City of Cleveland and the Police Department, as authorized and sanctioned by the City of Cleveland, were the moving forces behind the statutory and constitutional violations suffered by Plaintiff' and "the City of Cleveland systematically failed to train, monitor and supervise the individual police officers involved in the arrest. . . Defendant City of Cleveland was deliberately indifferent to the rights of citizens subject to arrest and detention."

In Count Seven of Plaintiff's First Amended Complaint, he purports to make a claim of municipal liability for failure to investigate and discipline police officer/ratification. The allegations are no more specific than the "defendant unlawfully harmed me."

## II. <u>STANDARD OF REVIEW</u>

In considering a motion to dismiss under Rule 12(b)(6), the Court must assess, given the material required to be in the complaint, whether the complainant can prove a set of facts entitling the complainant to recovery on the allegations against the moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In making this assessment, the Court must take only well-pleaded factual allegations as true and reject allegations that are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

The standard articulated in *Iqbal* and *Twombly* is designed to screen out more than "little green men" cases; the standard is designed to screen out cases that, while not utterly impossible, are implausible. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009). As explained below, Plaintiffs' Complaint fails to state a claim that is plausible on its face.

## III. <u>DISCUSSION</u>

A municipality is liable under § 1983 only when the government entity *itself* causes the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A municipality cannot be held liable for the unconstitutional actions of its employees under a theory of *respondeat superior*. *Id.* Therefore, a plaintiff seeking to subject a municipality to a § 1983 liability for the actions of its officers must "identify a [governmental] 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Comm'rs of Bryan County v. Brown*, 530

U.S. 397, 403 (1997).

### A.     <u>Counts Three And Six Fail To State A Claim</u>

As explained above, Counts Three and Six of the First Amended Complaint allege § 1983

liability on the grounds of failure to supervise and train, respectively.  These theories of the

City's liability under § 1983 are predicated on a conclusory statement that, because Plaintiff

allegedly was handled with excessive force and wrongfully arrested, there must be a lack of

supervision or training that led to such treatment.  Plaintiff offers no facts to even suggest that

the City had a policy or custom of failing to train or supervise its employees.  For this reason,

Counts Three and Six fail.  Indeed, to plead a § 1983 claim based on a failure to train or

supervise theory sufficient to withstand a Federal Rule 12(b)(6) motion post *Twombly* and *Iqbal*,

Plaintiff is required to plead more facts than those that constitute the alleged underlying

constitutional violation.  *Hill v. City of Cincinnati*, No. 1:09CV800, 2010 WL 3257725 at *5

(S.D. Ohio July 16, 2010) (dismissing a claim against the city where the plaintiff pleaded "only

facts [that] . . . relate to her individual circumstances"), *report and recommendation adopted by*,

2010 WL 3257727 (S.D. Ohio Aug. 17, 2010); *Scrap Yard, LLC v. City of Cleveland*, No.

1:10CV2465, 2011 WL 3900571 at *4 (N.D. Ohio Sept. 6, 2011) (dismissing claims that were

"founded on 'a single set of allegedly wrongful acts'" rather than on "violations [that] occurred

pursuant to the City of Cleveland's policy or custom").   Moreover, even assuming that it is true

that Plaintiff was handled with excessive force and wrongfully arrested, *one isolated incident*

*cannot be the basis for a pattern or policy claim*.[1]  *Thomas v. City of Chattanooga*, 398 F.3d 426,

---

[1]While a single *incident* under a policy or custom might give rise to § 1983 liability, it remains true that a plaintiff must identify the policy or custom which led to a violation of the plaintiff's rights.  Plaintiff here does not identify any such policy or custom.

430-31 (6th Cir. 2005) (a policy or custom cannot be established based on a single incident of potential misconduct of a city employee).[2]  Accordingly, Plaintiff's Counts Three and Six are dismissed..[3]

### B.    Count Seven Fails To State A Claim

Plaintiff's Count Seven likewise is fatally deficient.  To prove a § 1983 ratification claim, a plaintiff must show that a final municipal policymaker approved an investigation so inadequate as to constitute ratification of the alleged constitutional violation. *Rush v. City of Mansfield*, 771 F. Supp. 2d 827, 861 (N.D. Ohio 2011) (citing *Wright v. City of Canton, Ohio*, 138 F. Supp. 2d 995, 966 (N.D. Ohio 2001)).  Plaintiff has failed to plead any facts regarding an investigation; the only facts he pleads relate to the underlying incident.  Thus, Plaintiff's ratification claim is dismissed for failure to state a claim upon which relief may be granted.

---

[2]Plaintiff has not pled any facts that support that the alleged failure to train or supervise in this case was more than an isolated incident.  He has pled only a single set of wrongful acts towards him, not a policy or custom of inadequate training or supervision.  The First Amended Complaint is devoid of facts regarding the failure to train and supervision provided to the officers, and of any facts to support deliberate indifference, such as facts that policymakers were on notice as to constitutional violations by officers or that a pattern of similar constitutional violations occurred.  Such factual allegations are necessary to state a claim under § 1983 post *Twombly* and *Iqbal*.  *See Mitchell v. City of Hamiltoni,* No. 1:11CV764, 2011 WL 791173 at *5 (S.D. Ohio Mar. 1, 2012); *Williams v. City of Cleveland*, 2009 WL 2151778 at *4 (N.D. Ohio Jul. 16, 2009)

[3]Plaintiff's allegations are not saved by the factual allegations against the named offices because those allegations are not indicative of a systematic failure to train police officers adequately on the use of force in general and arrest procedures.  As discussed, there are no facts in the First Amended Complaint regarding the nature of the training that the City provides to its police officers regarding the use of force.  Absent any such facts, Plaintiff's claims against the City cannot survive dismissal.

### III.  CONCLUSION

For all of the foregoing reasons, Defendant, The City of Cleveland's Motion to Dismiss

Counts Three, Six, and Seven of the First Amended Complaint under Federal Rule of Civil

Procedure 12(b)(6) is GRANTED.

IT IS SO ORDERED.

 /s/ Donald C. Nugent                              
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED:   October 7, 2013  

6